IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WANAHAO NORTH AMERICA, LLC, an Oklahoma limited liability company (U.S.A.),<br><br>       Petitioner,<br><br>-vs-<br><br>ZHEJIANG WEIBIN SAN WEI TECHNOLOGY CO. LTD., f/k/a HANGZHOU WEIBIN TECHNOLOGY CO. LTD., d/b/a WANHAO 3D PRINTING, a People's Republic of China corporation (P.R. CHINA),<br><br>       Respondent. | Case No. CIV-23-509-F |

## ORDER

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

The court has reviewed plaintiff's Petition to Confirm Arbitration Award. Doc. no. 1. The alleged basis for the court's exercise of subject matter jurisdiction is federal question jurisdiction, 28 U.S.C. § 1331, and diversity jurisdiction, 28 U.S.C. § 1332. *Id*. at ¶ 4. However, to the extent petitioner intends to rely upon diversity jurisdiction, 28 U.S.C. § 1332, the court finds the jurisdictional allegations in the petition are insufficient to establish diversity jurisdiction.[1]

---

[1] The petition seeks to confirm an arbitration award subject to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 201, *et seq*. The court has federal

The petition alleges that plaintiff is a corporation. Doc. no. 1, ¶ 1. However, the caption of the petition indicates that plaintiff is a limited liability company. And "[f]or diversity purposes, a limited liability company takes the citizenship of all its members." Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018) (quotation marks and citation omitted). The petition fails to identify each of the members of the limited liability company, and it fails to identify the state of citizenship for each of the members. The petition must specifically identify each of plaintiff's members as well as the state of citizenship for each of those members.[2] *See*, Spring Creek Exploration & Production Company, LLC, 887 F.3d at 1014 ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction.") (quotation marks and citation omitted). Further, the petition must trace the citizenship of plaintiff's members through "however many layers of [] members there may be[.]" *See*, Gerson v. Logan River Academy, 20 F.4th 1263, 1269, n. 2 (10th Cir. 2021).

In addition, the petition alleges that defendant "is a corporation organized under the laws of the People's Republic of China[.]" Doc. no. 1, ¶ 2. While the petition alleges the location of defendant's registered address, it does not allege specifically where the defendant's principal place of business is located. It is not clear that defendant's registered address is the same as defendant's principal place

---

question jurisdiction over plaintiff's petition to confirm and enforce the award of the International Chamber of Commerce based on section 203 of the Federal Arbitration Act, which provides: "An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203; *see*, National Development Company v. Khashoggi, 781 F. Supp. 959, 962 (S.D.N.Y. 1992).

[2] If a member of plaintiff is an individual, plaintiff must identify the individual's state of citizenship as opposed to the individual's state of residence. If a member of plaintiff is a business entity, then plaintiff must provide the appropriate jurisdictional information pertaining to that business entity. *See generally*, 15A James Wm. Moore, Moore's Federal Practice, §§ 102.50-102.57 (3d ed. 2021); Wright & Miller, 13 Federal Practice and Procedure, § 3630.1 (3d ed.) (application of the citizenship rule for unincorporated associations).

of business. For diversity purposes, "a corporation shall be deemed a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). Therefore, the petition must identify the state where the defendant has its principal place of business.

Accordingly, if plaintiff intends to rely upon diversity jurisdiction to support the court's exercise of original subject-matter jurisdiction over this action, plaintiff is **DIRECTED** to file an amended petition to confirm arbitration award, within ten days of the date of this order, which provides the missing jurisdictional information regarding plaintiff and defendant to establish diversity jurisdiction.[3] If plaintiff fails to file an amended petition, the court will assume plaintiff intends to rely upon federal question jurisdiction as the basis of the court's original subject-matter jurisdiction.

IT IS SO ORDERED this 12th day of June, 2023.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0509p001.docx

---

[3] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Court of Appeals, after a case has run its entire course in the District Court, to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.